ARTHUR REDFERN

*v.*

FRITZ KOENEMUND.

[Decided July 2d, 1915.]

A master to whom a case had been referred, having reached his conclusions, sent for an expert accountant, who had testified as a witness for complainant, to prepare the schedules for him. The accountant had been questioned by both parties, and it clearly appeared that he merely

followed the master's conclusion, correcting only a clerical error.—*Held,* that there was no delegation of authority by the master to the accountant, or the slightest proof of improper dealings between the master and the complainant, and hence defendant's objections to the report should be overruled.

On objection to master's report.

*Messrs. Weller & Lichtenstein,* for the complainant.

*Mr. John J. Fallon,* for the defendant.

LEWIS, V. C.

This matter comes before the court on objections to the master's report. The application is made by solicitor of the defendant to have the report set aside and vacated, and the testimony taken referred to another special master, with leave to either party to offer additional evidence. The basis of the application is, that the special master in making his report had been guilty of an indiscretion, having employed an expert accountant who was a witness for the complainant before him to assist him in reaching his conclusion.

The evidence before me fails to sustain this allegation. Mr. Dougal Herr, the special master, voluntarily submitted himself for examination on the question. He satisfied me beyond peradventure, by his testimony, that he had reached his conclusions first and then sent for the expert accountant to prepare the schedules for him.

Mr. Herr produced his own book of account, containing a tabulation of the figures submitted in the testimony taken before him. This book was entirely in his own handwriting, save on one or two pages where interlineations had been made in lead pencil by the expert. These interlineations were merely corrections of obvious errors in the calculations. They did not change the special master's conclusions.

Mr. Peter A. Eckes, the expert accountant, corroborated Mr. Herr in every particular. He informed the court that the special master had sent for him, stating that he had reached his conclusions, and desired him to prepare the schedules. The

special master then delivered to him the book containing his conclusions and all other proofs required in the preparation of an accountant's statement. He had several conferences with Mr. Herr and delivered to him finally the schedules setting forth the conclusions previously reached by the special master.

The cases cited by solicitor of the defendant to uphold his charge of indiscretion all deal with reports of referees which have been set aside because of acts of impropriety committed before reaching a conclusion.

The case of *Stone* v. *Stone, 28 N. J. Eq. 409,* is not parallel. This was a matrimonial cause in which the state was a party and the report appeared to be in the handwriting of the complainant's solicitor.

There was no delegation of authority by Mr. Herr, nor were his duties performed by a subordinate. He directed the expert accountant to prepare schedules from conclusions which he had drawn, and paid him for his services. This expert was the only accountant employed in the case, and, although a witness for the complainant, was examined by both sides. He was thoroughly familiar with the figures involved. There is no doubt that a referee or special master may employ a competent person to write down the testimony for him, and this is practically what Mr. Herr required from Mr. Eckes. *34 Cyc. 810.*

In the case of *Reynolds* v. *Moore, 37 N. Y. Supp. 72,* referred to by the defendant's solicitor, the referee took a retainer from the plaintiff in the cause before he had concluded the case, and, of course, the court held that the conduct was improper and his report should not be permitted to stand.

We must all accede to the proposition that a referee's report should be set aside even upon the slightest proof of improper dealings between him and the successful side, providing the dealings have a tendency to influence his action. This is essential to the maintenance of purity in the administration of justice. In this case I do not find any warrant whatsoever for the slightest imputation of misconduct on the part of the special master. To my mind, in reporting and stating a complicated account for this court, the master has performed his duties with skill and fidelity to the obligations of his office. Judicial findings must not be set aside on mere suspicion or surmise.